IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONFEDERATED TRIBES OF THE GOSHUTE RESERVATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:06-cv-00912 |
| | ) | Judge Eric G. Bruggink |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT MOTION AND SUPPORTING JOINT STATUS REPORT FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion for an extension of the temporary stay of litigation, to and including July 3, 2008. This motion is the parties' third such motion. The grounds for the joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case for declaratory and injunctive relief against Defendants on November 7, 2006. Docket (Doc.) #1. Also, on December 28, Plaintiff filed a companion case for money damages against the Government in the United States District Court for the District of Columbia (D.D.C.), Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR (D.D.C.). Plaintiff's claims and allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendants to Plaintiff.

2. Since the filing of this case and the companion case in the D.D.C., the parties have sought jointly to extend the time for Defendant to file its Answer or otherwise respond to the Complaint. Under the Court's most recent order, the litigation of this case is temporarily stayed until

December 26, 2007, and the parties are required to file a joint status report on or before that day.

3. Since the filing of Plaintiff's case, Plaintiff's counsel, Brian Leinbach, and Defendant's counsel have agreed that the parties (a) would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution ("ADR") processes; (b) they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) they would continue to seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable and facilitate the parties' informal settlement or ADR discussions. Counsel for the parties agree the parties continue to hold these positions.

4. The parties have accomplished a number of significant things in the past few months. Among other things, Defendant has proposed a settlement process and methodologies being developed jointly by the Intertribal Monitoring Association ("ITMA") and the Office of Historical Trust Accounting ("OHTA") of the Department of the Interior, and has conducted several conferences explaining the process and methodologies. In response, Plaintiff has declined to participate in the ITMA-OHTA process but chosen to submit to Defendant its own proposal concerning the settlement of trust related claims; the parties have begun conferring, exchanging written correspondence and planning and conducting meetings and conference calls about Plaintiff's proposed settlement methodology. Defendant has been and continues to be evaluating Plaintiff's proposed methodology. In addition, Defendant continues to review and compile documents and data responsive, relevant or potentially relevant to Plaintiff's informal request; the parties have

negotiated, executed, and filed joint stipulations in this case and Plaintiff's companion case in the United States District Court for the District of Columbia, regarding confidentiality (a) of certain documents and data to be provided by Defendant to Plaintiff, and (b) of settlement discussions between the parties. Defendant is proposing to schedule a series of meetings, conference calls, document and data productions, and informational presentations, with Plaintiff, its counsel, and its experts or consultants, regarding the development and implementation of the proposed settlement methodology to be used to address Plaintiff's trust accounting and trust mismanagement claims in this case, as well as Plaintiff's companion case in the District Court.

5. Plaintiff's undersigned counsel and his co-counsel represent fifteen other tribes with trust accounting and trust mismanagement cases pending in this Court[1/] and the United States District Court in D.C.[2/] Exh 1. Thus, Plaintiff's counsel are responsible for 32 of the 102 Tribal trust

---

[1/] The 16 cases that Plaintiff's counsel have filed or are handling in the Court of Federal Claims are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB. See Exhibit (Exh.) 1.

[2/] The 16 cases that Plaintiff's counsel have filed or are handling in the District Court are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower

(continued...)

accounting and trust mismanagement cases that have been filed in this Court[3] and in the various United States District Courts.[4] Id. Plaintiff, the other 15 Tribes represented by Plaintiff's counsel, and Defendant are undertaking the joint development of a mutually acceptable settlement methodology that, depending on the results of the implementation in a pilot or test case, could potentially be deployed in all 32 cases, so as to enable settling or otherwise resolving Plaintiff's and the other Tribes' trust accounting and trust mismanagement claims without protracted litigation.

6. As mentioned above, Plaintiff, its counsel, and its consultants have prepared and submitted a proposed settlement methodology to Defendant for review and comment. Defendant, is providing an initial response to Plaintiff's proposed settlement methodology on or before December 21, 2007. Defendant will continue to review and evaluate Plaintiff's proposed methodology and supplement its response, as appropriate.

7. In conjunction with the informal settlement discussion process, the parties have established a process for informal document and data production. Plaintiff has submitted an informal document and data request to Defendant. Defendant has begun providing to Plaintiff copies

---

[2](...continued)
Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR. Id.

[3] There is currently a total of 57 Tribal trust accounting and trust mismanagement cases in this Court. Id.

[4] There are presently 37 Tribal trust accounting and trust mismanagement cases in the United States District Court in D.C. and eight cases in the United States District Courts in Oklahoma. Id.

or images of or access to certain non-privileged documents and data responsive or relating or potentially relating to Plaintiff's trust accounting and trust mismanagement issues and claims. Upon the approvals and entries of the document and data, and settlement confidentiality protective orders by this Court and the United States District Court, Defendant will produce copies or images of or access to confidential, non-privileged documents and data. Among other items, Defendant has produced to Plaintiff the results and supporting materials relating to the results of the Tribal trust fund reconciliation project, conducted by the Department of the Interior ("Interior") (through its contractor, Arthur Andersen, LLP), for the 1972-1992 period of Plaintiff's trust accounts. Further, Defendant is planning to provide Plaintiff with a common set of transaction data relating to Plaintiff's trust accounts for the 1972-1992 period ("Common Dataset"). Additionally, Defendant is proposing to conduct a detailed briefing and explanation for Plaintiff's counsel and consultants regarding the Tribal trust fund reconciliation project, the Common Dataset, and other materials. Also, the parties foresee the possibilities of other document and data requests and productions and of settlement meetings and work sessions.

8. To enable further informal document and data production, especially the provision of confidential materials by Defendant to Plaintiff, and to ensure the confidentiality of their settlement or ADR processes, the parties have negotiated the terms and conditions of joint stipulations and proposed orders regarding confidentiality (a) of certain documents and data to be provided by Defendant to Plaintiff, and (b) of settlement discussions between the parties, which they have filed in Plaintiff's companion case in the United States District Court in D.C. and in this case. This Court issued the confidentiality protective orders on November 16, 2007. The parties are awaiting action by the District Court.

9. As mentioned above, the parties have made progress to date in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for extended litigation. At the same time, however, the parties require additional time to continue and complete their settlement or ADR and associated or supporting processes.

10. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the United States District Court, without the need for extended litigation, if possible. Accordingly, the parties agree that they should seek to continue the temporary stay of the litigation of this case, while they continue to discuss the formulation and possible execution of an appropriate, mutually satisfactory alternative resolution of Plaintiff's issues and claims.

11. Based on the foregoing, the parties respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case for 180 days, to and including July 3, 2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before July 3, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

12. On the one hand, the granting of this joint motion will serve the public interest by

promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it will not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion will unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's companion case in the United States District Court, without the need for extended litigation. Additionally, it will not support or advance Defendant's ability to address and possibly resolve the other Tribal trust case accounting and trust mismanagement cases that have been filed in this Court and the United States District Court by Plaintiff's counsel and co-counsel, in a similar, non-litigation-oriented manner.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 21st day of December, 2007,

*/s/ Brian J. Leinbach pursuant to written authorization 12/21/2007*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

RONALD J. TENPAS
Assistant Attorney General

*/s/ Maureen E. Rudolph*
MAUREEN E. RUDOLPH
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0479
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERRI DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing PARTIES' JOINT MOTION AND SUPPORTING JOINT STATUS REPORT FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, AND [PROPOSED] ORDER was served on December 21, 2007, by Electronic Case Filing or by regular, first-class United States mail, postage pre-paid, and by electronic mail or telefax, unless otherwise noted below, on the following counsel:

Patricia A. Marks
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Fax: (301) 854-5117

Walter J. Lack
Brian J. Leinbach
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Fax: (310) 552-9434

Thomas V. Girardi
Keith Griffin
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Fax: (213) 481-1554

Gregory A. Yates
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Fax: (818) 905-7038

*/s/ Maureen E. Rudolph*
MAUREEN E. RUDOLPH