# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 06-912L
(Filed: December 09, 2011)

* * * * * * * * * * * * * * * * * * * * *

CONFEDERATED TRIBES OF THE
GOSHUTE RESERVATION,

         *Plaintiff*,

v.

THE UNITED STATES,

         *Defendant*.

* * * * * * * * * * * * * * * * * * * * *

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

      Plaintiff, Confederated Tribes of the Goshute Reservation ("Goshute"), filed this case on December 28, 2006, seeking damages for the alleged mismanagement of the tribe's trust assets and property. At the time of filing this case, a similar case filed by plaintiff on November 7, 2006, was pending in the United States District Court for the District of Columbia which alleges breaches of fiduciary duty and mismanagement of trust assets by the United States. *See Confederated Tribes of the Goshute Reservation v. Kempthorne*, No. 06-cv-01902-TFH (D.D.C. filed November 7, 2006). The issue before us is whether 28 U.S.C. § 1500 (2006) operates to deprive this court of jurisdiction.

      The Tucker Act, 28 U.S.C. § 1491, and the Indian Tucker Act, 28 U.S.C. § 1505, would ordinarily provide this court with jurisdiction over plaintiff's claim. Jurisdiction in the Court of Federal Claims is limited, however, by 28 U.S.C. § 1500. That section states in part:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person . . . acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. Section 1500 thus prevents this court from exercising jurisdiction over the current case if plaintiff has another lawsuit "for or in respect to" the same claim pending in another court. *Id.*

The Supreme Court recently found that "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'odham Nation*, 131 S. Ct. 1723, 1731 (2011). Although the Supreme Court did not define "operative facts" in *Tohono*, a recent decision from another judge in this court defines the term as "those facts that are effective or useful in resolving the case." *Lower Brule Sioux Tribe v. United States*, No. 06-922L, 2011 WL 6062269, at *3 (Fed. Cl. Dec. 1, 2011) (citing Webster's Third New International Dictionary 1581). We find that to be an appropriate interpretation of the term. This court therefore does not have jurisdiction over the instant case if it is based on substantially the same facts that are effective or useful in resolving this case as the plaintiff's district court case.

We look to the two complaints to determine the facts plaintiff views as operative. Defendant points out that both complaints deal with the same trust assets and both seek review of the government's management of those assets. Both complaints also allege that the government holds those assets in trust for the benefit of plaintiff. Court of Federal Claims Complaint (hereinafter COFC Compl.) ¶¶8-10; District Court Complaint (hereinafter DC Compl.) ¶¶8, 9, 12. Plaintiff alleges the government has mismanaged the trust assets in both complaints. COFC Compl. ¶¶19-21; DC Compl. ¶ 21. Additionally, the complaints contain the same allegations of the government's failure to provide an accounting of the trust assets; failure to maintain necessary books and records; and on going mismanagement of assets. COFC Compl. ¶¶19-21; Def.'s Mot. to Dismiss, DC Compl. ¶¶ 18, 21. "Indeed, it appears that [Goshute] could have filed two identical complaints, save the caption and prayer for relief, without changing either suit in any significant respect." *Tohono O'odham*, 131 S. Ct. at 1731.

Plaintiff asserts that the two cases are not based on substantially the same operative facts because each case alleges breaches of different duties. An examination of the complaints shows that the plaintiff actually alleges similar fiduciary duties and breaches of those duties in both complaints. *Compare* COFC Compl. ¶¶12-15, 34 *with* DC Compl. ¶¶ 14-17. In any event, however, "[t]hat the two actions [are] based on different legal theories d[oes] not matter." *Keene Corp. v. U.S.*, 508 U.S. 200, 212 (1993).

While the two complaints do contain some differences, those differences are limited to collateral facts and allegations relevant to the particular relief requested. In fact, as defendant asserts, the same accounting requested in the district court case would likely be necessary in this case. *See Tohono O'odham*, 79 Fed. Cl. 645, 653 (2007) ("In short, assuming this action were to proceed in this court, and plaintiff satisfied its burdens of proof, what would ensue would amount to an accounting, albeit in aid of judgment."), *rev'd on other grounds*, 559 F.3d 1284 (Fed. Cir. 2009), *rev'd*, 131 S. Ct. 1723 (2011). Regardless, *Tohono O'odham* established that the requested relief is inconsequential when determining whether two suits are for or in respect of the same claim. 131 S. Ct. at 1731.

We find that plaintiff's claim for damages due to the alleged mismanagement of trust assets arises from substantially the same operative facts as plaintiff's district court complaint. Because the claims arise from substantially the same operative facts, the suits are for or in respect of the same claim and 28 U.S.C. § 1500 prevents us from exercising jurisdiction.

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The clerk is directed to dismiss the complaint. No costs.

s/ Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Judge